Colón Buriel, Juez Ponente
*994 TEXTO COMPLETO DE LA SENTENCIA
I
Toyota de Puerto Rico, Corp. y MVP Auto Corp. (las “peticionarias”) solicitan la revocación de la Resolución emitida el 2 de junio de 2003, notificada el 17 de junio, por el Tribunal de Primera Instancia, Sala Superior de Humacao, (el “TPF) en el caso Ramona Salabarría, Jaime Castro Rivera y la Sociedad Legal de Gananciales compuesta por ambos v. MVP Auto Corporation; Toyota de Puerto Rico y otros, Civil. Núm. HDP2000-0109; sobre: daños y perjuicios. Mediante el dictamen se declaró No Ha Lugar una Moción de Sentencia Sumaria por Falta de Evidencia Suficiente presentada por las peticionarias.
Por su parte, Ramona Salabarría, Jaime Castro Rivera y la Sociedad Legal de Gananciales compuesta por ambos (los u recurridos”) se opusieron a la expedición del auto. Posteriormente, las peticionarias replicaron al referido escrito.
El 16 de enero de 2004, las peticionarias presentaron una Moción Urgentísima en Auxilio de la Jurisdicción solicitando la paralización del juicio pautado para el 21 y 22 de enero de 2004.
Resolvemos con el beneficio de la comparecencia de las paites, no sin antes exponer, en lo pertinente, el trasfondo fáctico de lo acaecido.
II
El día 31 de julio de 2000, los recurridos presentaron una Demanda en contra de las peticionarias, alegando, en esencia, haber sufrido daños como resultado de la activación defectuosa de las bolsas de aire de su vehículo durante un accidente ocurrido el 9 de agosto de 1999. La reclamación una por daños y perjuicios, la motivó la activación de las bolsas de aire de seguridad del auto de los recurridos, un vehículo marca Toyota, modelo Tercel del año 1999, al chocar con el vehículo marca Nissan en la carretera número 901, a la altura del Km. 3.5 del Barrio Camino Nuevo de Yabucoa. El vehículo de los recurridos fue adquirido por el Sr. Jaime Castro Rivera a MVP Auto Corporation por la suma de $18,955. Como resultado del accidente, como hemos mencionado, se activaron las bolsas de aire del carro marca Toyota, causándole daños a los recurridos.
Luego de varias solicitudes de prórroga, Toyota de Puerto Rico contestó la demanda el 20 de octubre de 2000 y MVP Auto Corporation lo hizo el 6 de noviembre de 2000. El 25 de marzo de 2003, se radicó por las partes el Informe Enmendado sobre Conferencia Preliminar entre Abogados.
El 14 de abril de 2003, las peticionarias radicaron Moción de Sentencia Sumaria señalando que al no existir controversia alguna de que el vehículo objeto de la demanda cumplía cabalmente con toda la reglamentación federal en cuanto al funcionamiento de bolsas de aire, y al estar impedida la parte recurrida de crear dicha controversia mediante su propio testimonio, sin contar con evidencia pericial competente, procedía como cuestión de derecho que se emitiera sentencia sumariamente a su favor. El 24 de abril de 2003, notificada el 1ro. de mayo, el TPI emitió Orden concediéndole a los recurridos un plazo de veinte (20) días para replicar a la Moción de Sentencia Sumaria presentada por las peticionarias.
El 28 de abril de 2003, las peticionarias radicaron una Moción de Sentencia Sumaria por Falta de Evidencia Suficiente, donde añadieron a su anterior solicitud, que procedía se dictara Sentencia Sumaria debido a que en el presente caso para que los recurridos puedan prevalecer, tienen que establecer y probar mediante testimonio pericial competente la existencia del alegado defecto y que éste fue la causa próxima de los daños por los cuales se reclaman. El 7 de mayo de 2003, notificada el 9 de mayo, el TPI emitió Orden concediéndole a los recurridos un plazo de veinte (20) días para mostrar causa por la cual no debería accederse a la solicitud de desestimación incluida en la Moción de Sentencia Sumaria por Falta de Evidencia Suficiente presentada por las peticionarias.
*995 En o cerca del 13 de mayo de 2003, los recurridos presentaron ante el TPI una Oposición a Moción de Sentencia Sumaria, en respuesta a la misma en o cerca del 29 de mayo de 2003. Por su parte, las peticionarias presentaron una Réplica a Oposición a Moción de Sentencia Sumaria.
En o cerca del 29 de mayo de 2003, los recurridos presentaron una Oposición a Moción de Sentencia Sumaria por Falta de Evidencia Suficiente; y alrededor del 11 de junio de 2003 presentaron una Oposición a Réplica.
Finalmente, como hemos mencionado, el TPI emitió Resolución el 2 de junio de 2003, notificada el 17 de junio, declarando No Ha Lugar la Moción de Sentencia Sumaria por Falta de Evidencia Suficiente presentada por las peticionarias. Inconforme, las peticionarias recurren de la misma alegando erró el TPI al:

“1. Hacer ciertas determinaciones de hechos sin que se haya celebrado vista en su fondo ni una vista evidenciaría, y sin que se haya presentado prueba alguna que apoyara las mismas, y sin proveerle a las co-demandadas peticionarias su derecho al debido proceso de ley.

2. Hacer ciertas expresiones perjudiciales a las peticionarias, sin contar evidencia alguna que las apoyara.

3. Determinar que la parte recurrida no necesita prueba pericial para probar la existencia del alegado defecto y la causa próxima entre el mismo y los daños alegados por la parte demandante.

4. Determinar que en Puerto Rico aplica el “Consumer Expectation Test”.

III
El TPI delimitó la controversia para resolver la Moción de Sentencia Sumaria por Falta de Evidencia Suficiente de la siguiente manera:
“¿Si aun cuando, efectivamente, la parte demandante (recurrida) ha expresado no contar con prueba pericial conducente a establecer y corroborar sus alegaciones en cuanto a que los daños ocasionádoles particularmente a la señora Salabarría Delgado, fueron resultado inequívoco de algún defecto de la activación de las bolsas de aire, si el mero hecho en sí no empece el hecho también, no contar con prueba pericial para probar en qué consistirían los defectos de esas bolsas de aire que causaron la magnitud de sus daños, y aun con el apoyo de las sentencias de otros Tribunales desestimando acciones donde la parte demandante (recurrida) no contaba con prueba pericial para sostener sus alegaciones en cuanto a los defectos de las bolsas de aire, si resultando efectivamente que los daños como los reclamados por la codemandante (corecurrida) provinieron de esa bolsa de aire, ello lo revelaría automáticamente, de prescindir de dicha prueba pericial en razón misma de la propia naturaleza de los daños ocasionádoles y la magnitud de los mismos?” (Enfasis en al original) (Citas omitidas)
Por lo anterior, comenzaremos discutiendo el tercer señalamiento de error; en nuestra jurisdicción está vigente la norma que le impone responsabilidad absoluta al fabricante de productos defectuosos, Mendoza v. Cervecería Corona, Inc., 97 D.P.R. 499 (1969); Montero Saldaña v. Amer. Motors Corp., 107 D.P.R. 452 (1978). Esta ha sido expuesta en los siguientes términos: "Un fabricante o manufacturero responde absolutamente en daños y perjuicios cuando un artículo que pone en el mercado, a sabiendas de que va a ser usado sin una inspección de defectos, evidencia un defecto que ocasiona daños a un ser humano. ” Rivera Santana v. Superior Packaging, 132 D.P.R. 115, 125-126 (1992).
Al tenor de ésta, el fabricante o vendedor es responsable por los defectos de su producto, siempre y cuando el lesionado lo utilice para un uso que sea razonablemente previsible para el fabricante. Herminio Brau del Toro, Los Daños y Perjuicios Extracontractuales en Puerto Rico, 2da. Ed., Publicaciones J.T.S., a las págs. 901-902. Lo que el perjudicado reclamante tiene que probar es que el producto era defectuoso. No tiene que probar la *996 negligencia del fabricante o del vendedor. Id., a las págs. 896-897.
Por consiguiente, en pleitos en los que se reclame compensación por los daños causados por los defectos de un producto, dos son los elementos que el demandante tiene que establecer: (1) la existencia del defecto en el producto, y (2) que dicho defecto fue la causa legal de los daños o lesiones sufridas por él.
La doctrina de responsabilidad absoluta reconoce tres tipos de defectos por los cuales se le puede imponer al fabricante la obligación de resarcir los daños que el defecto cause: (1) defectos de fabricación, (2) defectos de diseño, y (3) defectos por insuficiencia en las advertencias o instrucciones. Rivera Santana, 132 D.P.R. a la pág. 128; Herminio Brau del Toro, ob. cit., pág. 901. Un producto defectuoso, debido a su fabricación, es ".. . aquél que falla en igualar la calidad promedio de productos similares y el manufacturero es entonces responsable por los daños resultantes de las desviaciones de la norma". Rivera Santana, supra, a la pág. 128; Mendoza, supra, a la pág. 512; Montero Saldaña, supra, a la pág. 462. Defecto de diseño es aquél que causa que el producto falle en comportarse en forma tan segura como un usuario ordinario habría esperado al usar el producto para el uso para el cual fue destinado o para el cual previsiblemente podría ser usado, o que constituye causa próxima de unos daños y el demandado no probó que en el balance de intereses, los beneficios del diseño en cuestión sobrepasan los riesgos de peligro inherentes en el diseño. Rivera Santana, supra, a la página 129. Bajo esta segunda alternativa, se traslada al fabricante la carga de la prueba de que los beneficios del diseño utilizado sobrepasan los riesgos inherentes al mismo, Id., a la página 130. Ello así, el demandante prevalecerá cuando reclame que sufrió daños debido a que el producto sufre de un defecto de diseño si demuestra cualquiera de las dos modalidades antes indicadas.
Finalmente, un producto defectuoso, por razón de insuficiencia en las advertencias o instrucciones, es aquel, con respecto al cual el fabricante o vendedor no le ofrece al usuario o consumidor aquellas advertencias o instrucciones que sean adecuadas en tomo a los peligros o riesgos inherentes en el manejo o uso del producto. Al tenor de esta modalidad, el deber de advertir e instruir se extiende a todos los usos del producto que sean razonablemente previsibles para el fabricante. La omisión de no ofrecer esas advertencias expone al fabricante a responsabilidad, si éste sabía o debió haber sabido: (1) del peligro o riesgo envuelto, y (2) de la necesidad de brindar la advertencia para garantizar el uso más seguro del producto.
Los recurridos, en el Informe Enmendado sobre Conferencia Preliminar entre Abogados indicaron que no presentarían perito alguno para probar el defecto de las bolsas de aire. Estos no pueden probar un defecto en las bolsas de aire sin el testimonio experto de un perito, por lo que no cuentan con prueba suficiente para sostener sus alegaciones.
La Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36, regula todo lo concerniente a la figura jurídica de la sentencia sumaria. El propósito de dicho mecanismo es aligerar la tramitación de los casos al permitir que se dicte sentencia sin necesidad de celebrar una vista evidenciaría. Esto, cuando de los documentos no controvertidos que se acompañan con la solicitud y de la totalidad de los autos, surge que no existe controversia sobre los hechos materiales, por lo cual sólo corresponde aplicar el derecho. P.A. C. v. E.L.A., Op. de 25 de febrero de 2000, 2000 J.T.S. 33.
Nuestro Tribunal Supremo ha resuelto que la sentencia sumaria sólo debe dictarse cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de la prueba. Tiene, pues, el promovente de la moción la carga inicial de la prueba. Además, el tribunal examinara la evidencia ante sí de la forma más favorable al promovido. Pérez v. El Vocero de P.R., 149 D.P.R. 427, 448-449 (1999).
El recurso ante nuestra consideración nos enfrenta a la modalidad de la Moción de Sentencia Sumaria por Insuficiencia de la Prueba. Para evaluar adecuadamente una solicitud de sentencia sumaria en la modalidad de *997 insuficiencia de la prueba, resulta indispensable que se le haya brindado al promovido una amplia oportunidad de realizar un descubrimiento de prueba adecuado. De hecho, la parte promovente tiene el peso afirmativo de demostrar que se ha llevado a cabo un descubrimiento de prueba completo, adecuado y apropiado, o sea, que ha explorado concienzudamente la posibilidad de la existencia de evidencia admisible. Pérez, 149 D.P.R., a la pág. 449; Medina, 135 D.P.R. 716, 732 (1994).
Para que un tribunal pueda dictar sentencia sumaria por insuficiencia de la prueba, el promovente de la moción tiene que persuadirlo de cada uno de los siguientes elementos: (1) que no es necesario celebrar una vista evidenciaría; (2) que el demandante promovido no cuenta con evidencia suficiente para probar algún hecho esencial; y (3) que como cuestión de derecho, procede la desestimación de la reclamación. Pérez, 149 D.P.R. a la pág. 447; Medina, 135 D.P.R. a las págs. 732-734.
En Medina, 135 D.P.R., a la pág. 734, nuestro Tribunal Supremo dispuso que:

"...para derrotar una moción de sentencia sumaria bajo la modalidad de la insuficiencia de la prueba, la parte promovida puede, entre otras cosas, presentar con su oposición prueba admisible en evidencia, o prueba que pueda convertirse en admisible, aunque de momento no lo sea, o que de lugar a prueba admisible que demuestre que existe evidencia para probar los elementos esenciales de su caso; o que hay prueba en el récord que puede convertirse en prueba admisible y que derrotaría la contención de insuficiencia del promovente; o que la moción es prematura porque el descubrimiento es inadecuado, está a medias o no se ha realizado; o que éste, por su naturaleza, no es un caso que.conviene se resuelva por el mecanismo expedito de la sentencia sumaria. ”

En el caso de autos se realizó todo el descubrimiento de prueba, se presentó el Informe Enmendado sobre Conferencia Preliminar entre Abogados y ya estaba pautada la fecha para el juicio en su fondo. En todo momento, los recurridos han indicado que no presentaran perito; por lo cual tenemos que concluir que no cuentan con evidencia suficiente para probar los hechos esenciales de su reclamación, que en este casi son, el defecto en la bolsa de aire y que este defecto le ocasionó un daño.
En mérito a lo expuesto, expedimos el auto y revocamos la Resolución emitida el 2 de junio de 2003, por el Tribunal de Primera Instancia, Sala Superior de Humacao, en el caso Ramona Salabarría, Jaime Castro Rivera y la Sociedad Legal de Gananciales compuesta por ambos v. MVP Auto Corporation; Toyota de Puerto Rico y otros, Civil. Núm. HDP2000-0109. En su consecuencia declaramos Ha Lugar la Moción de Sentencia Sumaria por Falta de Evidencia Suficiente presentada por las peticionarias y desestimamos sumariamente la reclamación de los recurridos.
Notifíquese inmediatamente por telefax y correo ordinario.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General